Adam Telanoff (CSB 159761)
TELANOFF LAW
telanofflaw@gmail.com
5301 Beethoven Street, Suite 109
Los Angeles, CA 90066

ATTORNEY FOR HIGHERUP PAYROLL LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIGHERUP PAYROLL LLC, WPS, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES SMALL BUSINESS ADMINISTRATION; and KELLY LOEFFLER, in her official capacity as Administrator of the United States Small Business Administration,<br><br>Defendants. | No: __2:25-cv-4114____________<br><br>COMPLAINT |

Plaintiff, HigherUp Payroll, LLC (“Plaintiff” or “HigherUp”) by and through its undersigned counsel Adam Telanoff, by way of complaint against the Defendants UNITED STATES SMALL BUSINESS ADMINISTRATION (“SBA”) and ISABEL GUZMAN, in her official capacity as Administrator of the United States Small Business Administration (the “Administrator”), hereby alleges as follows:

NATURE OF THE ACTION

1. Plaintiff challenges the SBA’s denial of forgiveness of $163,800.00 of loan proceeds that Plaintiff received under the Paycheck Protection Program (“PPP”).

2. Plaintiff is one of a “corporate group” of entities which, as a group, was eligible for and received $163,800.00 in PPP loans. HigherUp is a single member limited liability company that is entirely owned by WPS, Inc. (“WPS”) All of the income and expenses of HigherUp are

reported and included on the tax return for WPS. Consequently, HigherUp does not file a separate tax return.

3. Prior to 2020, employees were reported under WPS' FEIN:

4. In 2020 and after 2021 employees were reported under HigherUp's.

5. Plaintiff applied for forgiveness of the PPP loan, pursuant to the statute by which Congress required the SBA to forgive such loans.

6. The SBA then failed to issue forgiveness based on confusing arising out of the fact that HigherUp and WPS had different FEIN. HigherUp appealed.

7. The SBA reviewed the situation and agreed to reverse its denial and forgive the loan in October 2022. Consequently, the appeal filed by HigherUp was dismissed as moot.

8. In or about November 2024 the SBA again denied forgiveness. HigherUp again timely appealed. However, in this second appeal communications from the OHA were sent to counsel's spam folder and were not seen.

9. Consequently, the appeal was denied. The denial was not discovered until late April 2023, but the OHA would not hear any challenge to the appeal. This action follows.

JURISDICTION AND VENUE

10. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's causes of action arise under the APA. See 5 U.S.C. § 701 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof").

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(e)(1)(A), because plaintiff resides in this district; and pursuant to 13 CFR § 134.1211(g), which provides that "[f]inal decisions [of the SBA] may be appealed to the appropriate federal district court only."

12. The decision that the OHA is the final decision of the SBA, and thus is a final agency action for purposes of the APA, pursuant to 13 CFR §  34.1211(b), which provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or the SBA Administrator, solely within the Administrator's discretion, decides to review or reverse the initial decision pursuant to paragraph (d) of this section, an initial decision shall become the final

decision of SBA 30 calendar days after its service."

THE PARTIES

13. Plaintiff HigherUp Payroll, LLC is a California limited liability company that is entirely owned by Plaintiff WPS, Inc.

14. Defendant SBA is an independent agency of the United States, with offices at 409 3rd Street, S.W., Washington, D.C. The SBA was created pursuant to 15 U.S.C. Ch. 14A

15. Defendant KELLY LOEFFLER is the Administrator of the SBA. She is sued in her official capacity. Administrator Guzman has an office at 409 3rd Street, S.W., Washington, D.C.

16. The SBA administers the 7(a) Loan Program pursuant to applicable regulations. The 7(a) Loan Program's purpose is to help qualified entrepreneurs to start or expand small businesses.

17. On or about March 27, 2020, the Coronavirus Aid, Recovery and Economic Security Act ("CARES") , P.L. 116-136, became law. The CARES Act established the Paycheck Protection Program ("PPP"), the purpose of which was to provide eligible small businesses with funds to meet payroll costs during the COVID-19 pandemic. Under PPP, the SBA guarantees loans that private lenders (approved by the SBA) provide to eligible small businesses. The CARES Act provides that the SBA is to administer PPP as part of the 7(a) Loan Program, subject to applicable regulations.

FIRST CAUSE OF ACTION Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (SBA Lacks a Statutory or Regulatory Basis to Deny Forgiveness)

18. Plaintiff repeats and re-alleges Paragraphs 1 through 28 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph. 30. The APA provides that a reviewing court must "hold unlawful and set aside agency action … found to be … not in accordance with law." 5 U.S.C. § 706(2)(A). 31. In denying forgiveness of the $163,800.00 loan that was not in excess of the corporate maximum to which Plaintiff was subject, the SBA acted contrary to law, in violation of applicable law and regulations. Specifically, and without limitation, 85 Fed. Reg. 33012 provides (in relevant part) as follows: "[I]f SBA determines that

the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate." SBA violated this regulation when it denied forgiveness of the $163,800.00 subject loan that was not in excess of the maximum. 33. Under 5 U.S.C. § 706(2)(A), this Court must therefore hold unlawful and set aside the final decision of the SBA that denied forgiveness of the $163,800.00 subject loan.

SECOND CAUSE OF ACTION Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (Arbitrary and Capricious Action in Violation of the APA)

19. Plaintiff repeats and re-alleges the factual allegations contained in this Complaint

20. The APA provides that a reviewing court must "hold unlawful and set aside agency action … found to be … arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A).

21. In denying forgiveness of the $163,800.00 subject loan, the SBA acted arbitrarily, capriciously and abused its discretion. In addition, the SBA contradicted its own agreement to forgive the loan that was made in 2022.

22. Under 5 U.S.C. § 706(2)(A), this Court must therefore hold unlawful and set aside the final decision of the SBA that denied forgiveness of the $163,800.00 subject loan.

THIRD CAUSE OF ACTION Administrative Procedure Act, 5 U.S.C. § 706(1) (to Compel Agency Action Unlawfully Withheld)

23. Plaintiff repeats and re-alleges the factual allegations contained in this Complaint

24. The APA provides that a reviewing court must "compel agency action unlawfully withheld." 5 U.S.C. § 706(2)(A).

25. In denying forgiveness of the $163,800.00 subject loan, the SBA unlawfully withheld agency action required by law, including, without limitation, 85 Fed. Reg. 33012, which provides (in relevant part) that "if SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate."

26. Under 5 U.S.C. § 706(2)(A), this Court must compel the SBA to grant forgiveness of the $163,800.00 subject loan

PRAYER FOR RELIEF WHEREFORE, Plaintiff respectfully prays for the following relief:

A. The entry of judgment in favor of the Plaintiff; and

B. An order holding unlawful and setting aside the final decision of the SBA that denied forgiveness of the $163,800.00 subject loan; and

C. An order compelling the SBA to grant forgiveness of the $163,800.00 subject loan; and

D. An award of all costs and attorneys' fees pursuant to any applicable authority; and

E. Such further relief as this Honorable Court deems just and proper.

Dated: May 7, 2025

/Adam Tealnoff/

Adam Telanoff, Esq.

Attorney for HigherUp Payroll, LLC