UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-04114-AS | Date | July 8, 2026 |
|---|---|---|---|
| Title | HigherUp Payroll LLC, WPS, Inc. v. United States Small Business Administration, et al. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SERVICE OF PROCESS**

On May 7, 2025, Plaintiff filed a complaint against the United States Small Business Administration and Kelly Loeffler. (Dkt. No. 1). When Plaintiff took no further action, on August 6, 2025, the Court issued an Order to Show Cause ("OSC") why this case should not be dismissed for failure to prosecute, as Plaintiff had not served either Defendant or even requested that the Clerk issue the summons. (Dkt. No. 4). Plaintiff was ordered to respond to the OSC by no later than August 20, 2025 (fourteen days after the date of the OSC). (Id.). Plaintiff did not do so. Consequently, the case was dismissed on September 17, 2025. (Dkt. No. 5).

On November 3, 2025, Plaintiff filed a motion to set aside dismissal under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). (Dkt. No. 6). On January 21, 2026, the Court granted the motion and directed the Clerk to reopen this case. (Dkt. No. 8). The Court also ordered Plaintiff to file separately the Civil Cover Sheet (CV-71), Notice of Interested Parties (CV-30), and Summons (AO 440) that were attached to Plaintiff's motion. (Dkt. No. 8 at 3). Plaintiff was required to file these documents directly onto the case docket within five days of receipt of the January 21 Order. (Id.). Yet, Plaintiff did not do so, nor did Plaintiff take any other action in this case.

On March 31, 2026, the Court issued another OSC, specifically warning Plaintiff that "[f]ailure to timely file either the required documents or a response to this Order may result in dismissal of this action for failure to prosecute, and/or for failure to obey a court order. See Fed. R. Civ. P. 41(b)." (Dkt. No. 9). Plaintiff was ordered to respond no later than April 14, 2026, (fourteen days after the date of the Order). Plaintiff failed to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-04114-AS | Date | July 8, 2026 |
|---|---|---|---|
| Title | HigherUp Payroll LLC, WPS, Inc. v. United States Small Business Administration, et al. | | |

Over a month later, however, on May 19, Plaintiff finally did file the Civil Cover Sheet (CV-71), Notice of Interested Parties (CV-30), and Summons (AO 440). (Dkt. Nos. 10-12). The next day, the Clerk issued a summons as to each Defendant. (Dkt. No. 13). Nonetheless, after more than six weeks, Plaintiff still does not seem to have served either Defendant.

Rule 4(m) of the Federal Rules of Civil Procedure provides that if service of the summons and complaint is not made upon a defendant within ninety days of filing the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Here, more than fourteen months have passed since the Complaint was filed, and more than six months have passed since the Court granted Plaintiff's motion and reopened the case, after having dismissed it for failure to prosecute. Plaintiff's persistent failure to effect service on Defendants, or to demonstrate any efforts toward that end, leaves serious doubt as to whether Plaintiff has any sincere intention of pursuing this matter.

Plaintiff is therefore ORDERED TO SHOW CAUSE in writing, within fourteen (14) days of the date of this Order, why service has not been effected and why this case should not be dismissed without prejudice for failure to effect service and for lack of prosecution. Failure to timely file a written response to this Order will result in dismissal of this action for failure to effect service of process within the time specified by Rule 4(m), for failure to prosecute, and/or for failure to obey a court order.[1] See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

---

[1] Plaintiff is reminded that each newly served party or party added to the case must, at the time of service of the summons and complaint, be served also with the Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment") that the Clerk issued on May 8, 2025 (Dkt. No. 2), and Plaintiff must file a proof of service indicating that Defendant was served with the Notice of Assignment. See Local Rule 73-2.1.