UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 25-04114-AS | Date | October 2, 2026 |
| Title | HigherUp Payroll LLC, WPS, Inc. v. United States Small Business Administration, et al. | | |

| | |
|---|---|
| Present: The Honorable | Alka Sagar, United States Magistrate Judge |

| | |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE SERVICE OF PROCESS AND FAILURE TO COMPLY WITH COURT ORDERS**

On May 7, 2025, Plaintiff filed a complaint against the United States Small Business Administration and Kelly Loeffler. (Dkt. No. 1). When Plaintiff took no further action, on August 6, 2025, the Court issued an Order to Show Cause ("OSC") why this case should not be dismissed for failure to prosecute, as Plaintiff had not served either Defendant or even requested that the Clerk issue the summons. (Dkt. No. 4). Plaintiff was ordered to respond to the OSC by no later than August 20, 2025 (fourteen days after the date of the OSC). (Id.). Plaintiff did not do so. Consequently, the case was dismissed on September 17, 2025. (Dkt. No. 5).

On November 3, 2025, Plaintiff filed a motion to set aside dismissal under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). (Dkt. No. 6). On January 21, 2026, the Court granted the motion and directed the Clerk to reopen this case. (Dkt. No. 8). The Court also ordered Plaintiff to file separately the Civil Cover Sheet (CV-71), Notice of Interested Parties (CV-30), and Summons (AO 440) that were attached to Plaintiff's motion. (Dkt. No. 8 at 3). Plaintiff was required to file these documents directly onto the case docket within five days of receipt of the January 21 Order. (Id.). Yet, Plaintiff did not do so, nor did Plaintiff take any other action in this case.

On March 31, 2026, the Court issued another OSC, specifically warning Plaintiff that "[f]ailure to timely file either the required documents or a response to this Order may result in dismissal of this action for failure to prosecute, and/or for failure to obey a court order. See Fed. R. Civ. P. 41(b)." (Dkt. No. 9). Plaintiff was ordered to respond no later than April 14, 2026, (fourteen days after the date of the Order). Plaintiff failed to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 25-04114-AS | Date | October 2, 2026 |
| Title | HigherUp Payroll LLC, WPS, Inc. v. United States Small Business Administration, et al. | | |

Over a month later, however, on May 19, Plaintiff finally did file the Civil Cover Sheet (CV-71), Notice of Interested Parties (CV-30), and Summons (AO 440). (Dkt. Nos. 10-12). The next day, the Clerk issued a summons as to each Defendant. (Dkt. No. 13).

Yet, Plaintiff still apparently did not serve either Defendant. Therefore, on July 8, 2026, the Court issued another OSC as to why this case should not be dismissed for failure to prosecute. (Dkt. No. 14). On July 20, 2026, Plaintiff's counsel responded by filing a Declaration Re: Service, which stated, in very general terms, that counsel was "still having problems receiving documents through CM/ECF–PACER and need[s] to check the record periodically to see what has occurred," and for that reason "was delayed in getting a stamped summons to use to serve defendants." (Dkt. No. 15 at 1). Counsel then stated that he "obtained the summons and served defendants as required via the Attorney General of the United States in Washington, D.C.; the US Attorney civil process clerk in the Central District of California, and the SBA in Washington, D.C." (Id.). Counsel apparently had "not yet received the return receipt from service, but will file proof of service as soon as that they are received." (Id. at 2).

Counsel's vague July 20 declaration clearly did not suffice as a response to the Court's OSC since it neglected to provide any clear explanation, specific facts, or supporting documentation to account for Plaintiff's persistent delays in prosecuting this matter. Among other things, counsel did not specify *when* he actually "obtained the summons and served defendants," nor did he indicate what "problems" with CM/ECF–PACER prevented him from obtaining the stamped summons when it was issued on May 20, or why nearly two months had gone by since then if counsel was indeed "check[ing] the record periodically to see what has occurred."

Therefore, on July 21, 2026, the Court ordered Plaintiff to supplement counsel's declaration to address these issues and explain, with supporting facts and documentation, Plaintiff's failure to prosecute this matter diligently. (Dkt. No. 16). On August 31, 2026, Plaintiff's counsel filed another declaration. It states, in pertinent part:

> [1]. I am still having problems receiving documents through CM/ECF – PACER and need to check the record periodically to see what has occurred.
>
> [2]. Service was attempted on the Defendants directly to the SBA, the US Attorney General, and the US Attorney's Office for the Central District of California via certified mail with a return receipt requested.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 25-04114-AS | Date | October 2, 2026 |
| Title | HigherUp Payroll LLC, WPS, Inc. v. United States Small Business Administration, et al. | | |

> [3]. Service was successful as to the SBA, directly, and the US Attorney General in late July (07/27/26).
>
> [4]. However, service on the Central District was not accomplished because the Summons and Complaint were sent to an old address for the US Attorney and has been received as undeliverable. Service is being re-attempted today.

(Dkt. No. 17 at 1-2). Plaintiff has offered nothing further. Thus, Plaintiff has all but ignored this Court's July 21 Order to provide "clear explanation, specific facts, and supporting documentation to account for Plaintiff's persistent delays in prosecuting this matter." Counsel's declaration does not explain the nature of his "problems" with CM/ECF–PACER or explain how or why these problems have prevented him from prosecuting this case or complying with the Court's orders. And aside from a vague statement about having used "an old address" for the U.S. Attorney for the Central District, counsel offers no explanation for the delays in effecting service, nor does he provide any documentation to show that any service attempts have been made, or that service attempts were successful as to the SBA and U.S. Attorney General.

At this point, more than seventeen months have passed since the Complaint was filed, and more than eight months have passed since the Court granted Plaintiff's motion and reopened the case, after having dismissed it for failure to prosecute. Again, Plaintiff's persistent failure to effect service on Defendants, or to sufficiently demonstrate any efforts toward that end, leaves serious doubt as to whether Plaintiff is interested or even capable of pursuing this matter seriously – an impression merely reinforced by Plaintiff's repeated failure to comply with this Court's orders. Nonetheless, the Court will give Plaintiff one final opportunity to demonstrate why the Court should allow the case to proceed at this juncture.

Plaintiff is therefore ORDERED TO SHOW CAUSE in writing, within fourteen (14) days of the date of this Order, why service remains unconsummated after more than seventeen months and why this case should not be dismissed for failure to effect service, for lack of prosecution, and/or for failure to comply with the Court's orders. Plaintiff's response must provide clear explanation, specific facts, or supporting documentation. Failure to comply with this Order will result in dismissal of this action for failure to effect service of process within the time specified

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-04114-AS | Date | October 2, 2026 |
|---|---|---|---|
| Title | HigherUp Payroll LLC, WPS, Inc. v. United States Small Business Administration, et al. | | |

by Federal Rule of Civil Procedure 4(m), for failure to prosecute, and/or for failure to obey court orders.[1] See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

[1] Plaintiff is reminded that each newly served party or party added to the case must, at the time of service of the summons and complaint, be served also with the Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment") that the Clerk issued on May 8, 2025 (Dkt. No. 2), and Plaintiff must file a proof of service indicating that Defendant was served with the Notice of Assignment. See Local Rule 73-2.1.